**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAE HENDERSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | **Case No. 1:16-cv-01857-DAD-EPG** <br><br> **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT AND MOTION TO PROCEED IN FORMA PAUPERIS** <br><br> OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

**I.   INTRODUCTION**

Plaintiff Dae Henderson, Jr. is proceeding *pro se* in a civil action. Plaintiff has not paid the $400.00 filing fee or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On December 14, 2016, the Court directed Plaintiff to file an application to proceed *in forma pauperis* or to pay the filing fee to proceed in this action. (ECF No. 2.) Plaintiff was also warned that a failure to comply would result in the dismissal of this action. In response, Plaintiff filed a letter claiming, without any basis, that Plaintiff is exempt from paying filing fees (ECF No. 3) and a second letter purporting to convey an interest in property owned by Plaintiff as security for the filing fee. (ECF No. 4.) Plaintiff assures the Court that the filing fee will be paid in full once the case is completed. Neither of these filings complies with the Court's instructions. Shortly thereafter, Plaintiff filed a First Amended Complaint (the "FAC"). (ECF No. 5.) The

Court has screened the FAC and Motion to Proceed *In Forma Pauperis* and makes its recommendations herein, namely, that Plaintiff's Motion be denied and the FAC be dismissed.

## II.     PAYMENT OF FILING FEE

As a general rule, all parties instituting any civil action, suit, or proceeding in a district court must pay a filing fee. 28 U.S.C. § 1914(a).  However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

The Ninth Circuit has held that "permission to proceed in forma pauperis is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984).  The Court has broad discretion to grant or deny a motion to proceed *in forma pauperis*. *O'Laughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (a "district court may deny leave to proceed [*in forma pauperis*] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

Plaintiff has not paid the filing fee or filed an application to proceed *in forma pauperis*. Thus, the action cannot proceed and should be dismissed without prejudice. *See, e.g., Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (upholding dismissal for failure to pay partial filing fee); *Brewer v. Rianda*, Case No. C 03-3102 SI(PR), 2003 WL 22016783, at *1 (N.D. Cal. Aug. 14, 2003) (dismissing complaint for failure to pay filing fee or submit *in forma pauperis* application).

To the extent Plaintiff's letters constitute a request to proceed *in forma pauperis*, however, Plaintiff's Complaint is frivolous and without merit, and the application to proceed *in forma pauperis* should be denied. *Pate v. Guiltie*, Case No. CIV S-08-1802-JAM-DAD (PS), 2009 WL 3710714, at *1 (E.D. Cal. Nov. 4, 2009).

## III.    LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or

malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**III.    PLAINTIFF'S ALLEGATIONS**

Plaintiff is an individual who has been engaged in litigation in California state courts. The bulk of his 22 page complaint is rambling, incoherent, and fails to state any claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Defendant names the United States as the sole defendant in the case, it is unclear what role the federal government played in any of the actions Plaintiff alleges and the Court is largely unable to decipher Plaintiff's allegations. For example, a portion of the allegations reads:

> On October 25th, 2015 – the following collateral was entered into the commercial registry by plaintiff on behalf of the DAE HENDERSON JR TRUST / ESTATE out of necessity to secure the Right(s), Title(s), interest and value therefrom in and of the root of title from inception as well as all property held in Trust including tho [sic] not limited to all DNA, cDNA, cell lines, retina scans, fingerprints, hereditaments, pignus, hypotheca, res, energy to include all debenture(s), agreement(s), facsimile(s) and signatures nunc pro tunc of owner's name predicated on the straw man/ens legis/trust/estate described as the debtor and all property is exempt from levy;

The FAC proceeds to list a number of documents identified by long strings of numbers.

The FAC claims two causes of action—one for breach of contract and one for trespass to "chattles." Neither cause of action has any description of the respective claims. For relief, Plaintiff requests that the Court suspend four state court judgments that have been entered against him, at least one of which appears to be a criminal case in Fresno County Superior Court.[1] Plaintiff also asks that the Court stay proceedings of a criminal case that is currently proceeding in Amador County Superior Court, *State of California v. Dae Henderson*, Case No. 15-CR-24274-02. Plaintiff also demands specific performance of the contract that was purportedly breached.

**IV.   DISCUSSION**

**A.  Rule 8(a)**

Under federal notice pleading, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal* 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. *Id.* The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.*

---

[1] *State of California v. Dae Henderson, JR*, Case No. F06906257. The Court may take judicial notice of the existence and course of these state court proceedings. *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (courts may "take judicial notice of 'matters of public record'").

Plaintiff's complaint fails to comport with Rule 8(a)'s instruction that the complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's narrative does not clearly allege facts against any defendant. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Comty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support Plaintiff's claim. *Id.* Because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

The Court also lacks subject matter jurisdiction because of the insubstantiality of the allegations. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (recognizing dismissal of claim for lack of jurisdiction where the claim is "wholly insubstantial and frivolous"); *Hagans v. Lavine*, 415 U.S. 528, 543 (1974) (dismissal warranted when claim is "so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) (finding that "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process").The FAC thus fails to state any claim.

**B. Younger Abstention**

Federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994). This doctrine, called "Younger abstention," is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) (the "underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways"). "Abstention is appropriate in favor of state proceedings if (1) the state proceedings are

5

ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff an adequate opportunity to litigate federal constitutional questions." *Aiona*, 17 F.3d at 1248 ("If these three circumstances exist, then 'a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief").

The FAC lists a number of state court cases that appear to have begun before Plaintiff filed his complaint in this case. And, in fact, the docket for his case before Amador County Superior Court, case no. 15-CR-24274-02, indicates that the case is currently active and a trial has yet to be set. Thus, state proceedings were ongoing at the time the complaint was filed and the first requirement has been met. *Id.* at 1249 ("state administrative proceedings and judicial proceedings were ongoing at the time the plaintiffs filed this section 1983 action" where a state court was adjudicating plaintiffs' pending traffic citations); *Wiener v. Cnty. of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994) ("[T]he critical question is not whether the state proceedings are still 'ongoing' but whether 'the state proceedings were underway before initiation of the federal proceedings").

Moreover, the state proceedings implicate important state interests in conducting criminal matters unimpeded. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").

Plaintiff also has an adequate opportunity to raise any federal claims in the state proceedings because they are state criminal proceedings, which routinely involve constitutional and other federal issues. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) ("Appellees need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate"). No such procedural bars are alleged in the Complaint. The third prong of the *Younger* test is thus met. Because Plaintiff's Complaint asks the Court to

1  intrude upon the ordinary course of state criminal proceedings in a way that would threaten the
2  autonomy of the state court, it must be barred from proceeding. *Gilbertson v. Albright*, 381 F.3d
3  965, 981 (9th Cir. 2004) ("When an injunction is sought and *Younger* applies, it makes sense to
4  abstain, that is, to refrain from exercising jurisdiction, *permanently* by dismissing the federal
5  action because the federal court is only being asked to stop the state proceeding").

6  **C. Leave to Amend**

7  Dismissal of a *pro se* complaint without leave to amend is appropriate where any
8  opportunity to amend the complaint would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th
9  Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading
10 was made, unless it determines that the pleading could not possibly be cured by the allegation of
11 other facts."). No additional facts could cure the deficiencies in the Complaint. The problem is
12 not that it is missing important facts; it is that the requested relief is simply unavailable. Dismissal
13 without leave to amend is thus appropriate.

14 **V.    RECOMMENDATION**

15 For the reasons set forth above, the Court finds that Plaintiff has failed to pay the required
16 filing fee and that the First Amended Complaint fails to state a claim under 28 U.S.C. §
17 1915(e)(2). Accordingly, the Court RECOMMENDS that the First Amended Complaint be
18 dismissed without leave to amend. To the extent Plaintiff is requesting to proceed *in forma*
19 *pauperis*, that request should be denied.

20 These findings and recommendations will be submitted to the United States District Judge
21 assigned to this case pursuant to the provisions of Title 28 of the United States Code section
22 636(b)(1). Within **fourteen days** after being served with these findings and recommendations, the
23 parties may file written objections with the Court. The document should be captioned "Objections
24 to Magistrate Judge's Findings and Recommendations."

25 \\\
26 \\\
27 \\\
28 \\\

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **March 6, 2017**                    /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE